IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv230

| EUGENE ALLEN BRADLEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| Vs. | ) | ORDER |
| BAXTER HEALTHCARE CORPORATION, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on periodic docket review. Review of the pleadings reveal two matters that concern the court:

(1) issues joined November 24, 2010, but no CIAC was filed within the time required by Local Civil Rule 16.1(B); and

(2) the parties have filed a partial stipulation of dismissal of certain parties with conditions subsequent, which appears to be contrary to decisions of this court and logically unfirm.

A status conference will be calendared at which such issues will be addressed. The parties are specifically referenced the decision of Honorable Lacy H. Thornburg, United States District Judge (now retired), in Gahagan v. North Carolina Hwy. Patrol, 2000 WL 33946065 (W.D.N.C. Oct. 25, 2000)(also available through

-1-

ECF-WDNC at 1:00cv52, Docket Entry #29, pp. 3-4). More recently, this court has held as follows:

> The Magistrate Judge noted the problems encountered in this case where not all the Plaintiffs have the same claims against the same Defendants. Memorandum and Recommendation, at 33 ("The commonality which a mass action attempts to address is quickly undermined where plaintiffs have different causes of action against different defendants."). The motion for voluntary dismissal filed by Michael and Donna Stead is an example of the confusion created when single Plaintiffs seek dismissal only of some their claims. *See also*, Stipulation of Dismissal, filed March 12, 2009 (dismissing with prejudice the Steads' claims as to Defendant BB & T only pursuant to Fed.R.Civ.P. 41(a)(1)(ii)). **Dismissals pursuant to Rule 41 apply to dismissals of "actions" not "claims."** *See* Fed.R.Civ.P. 41(a); *see also, Gahagan v. N.C. Hwy. Patrol*, 2000 WL 33946065 (W.D.N.C.2000). Hereinafter, the parties are advised to file "a stipulation amending Plaintiff[s'] action pursuant to Rule 15(a), signed by all parties," in order to delete claims Plaintiffs have settled amicably with Defendants. Gahagan, 2000 WL 33946065; Memorandum and Recommendation, supra, at 2.

Ahmed v. Porter, 2009 WL 2591174, 1 (W.D.N.C. Aug. 19, 2009)(emphasis added). The parties are specifically advised that court is concerned with using Rule 41 to dismiss less than the entire action <u>and</u> using Rule 41 to create a right to amend the Complaint to re-add dismissed parties at a time in the future when this case may well be terminated. The parties should come prepared to cite the court to whatever authority they relied on, such as Wright and Miller, in filing such pleading with the court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that this matter is set for a status conference on January 28, 2011, at 11 a.m. in Courtroom #2 in Asheville, North Carolina.

Signed: January 6, 2011

Dennis L. Howell
United States Magistrate Judge