# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv230

| | |
|---|---|
| EUGENE ALLEN BRADLEY, ) ) Plaintiff, ) ) v. ) ) ) BAXTER HEALTHCARE ) CORPORATION and PHARMACIA & ) UPJOHN COMPANY, INC., ) ) Defendants. ) _____ ) | MEMORANDUM AND RECOMMENDATION |

Pending before the Court is Plaintiff's Motion to Dismiss [# 45]. Plaintiff moves to voluntarily dismiss the Amended Complaint without prejudice. Defendants oppose allowing Plaintiff to voluntarily dismiss the Amended Complaint. The Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's motion [#45].

**I.      Background**

Plaintiff initiated this products liability action in the Superior Court of Haywood County in August of 2010. Subsequently, Defendants removed the case to this Court on the basis of diversity. After holding a status conference in this case, the Court entered a Pretrial Order and Case Management Plan. (Order, February 1, 2011.) The Pretrial Order required Plaintiff to provide Defendants with expert disclosures by

-1-

May 1, 2011. Discovery closed August 1, 2011.

Plaintiff failed to comply with the Court's Pretrial Order and did not disclose his expert. (Pl.'s Mot. Extension of Scheduling Deadlines at ¶ 4.) On May 31, 2011, Defendant Baxter Healthcare Corporation ("Baxter Healthcare") moved for summary judgment. In its motion, Defendant Baxter Healthcare contends that summary judgment is warranted because Plaintiff cannot prove by expert testimony that the product at issue was defective and that any alleged defect caused or contributed to Plaintiff's alleged injuries because he has not retained an expert. Defendant Pharmacia & Upjohn Company, LLC filed a similar summary judgment motion two days later. On June 17, 2011, six weeks after the expiration of the deadline for disclosing experts, Plaintiff filed a motion requesting a thirty day extension to designate an expert witness and produce an expert report. Contemporaneously, Plaintiff filed a Motion to Dismiss, requesting that the Court dismiss this action without prejudice pursuant to Rule 41(a)(2). Plaintiff's motion is now properly before the Court.

**II.    Analysis**

Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request on the terms that the Court deems proper. Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissal unless the parties will be unfairly

prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). Although the primary focus for the Court is "protecting the interests of the defendant, Davis, 819 F.2d at 1273, this is not the sole consideration when deciding whether to allow a plaintiff to voluntarily dismiss an action without prejudice pursuant to Rule 41(a)(2), Go Computer, Inc. v. Microsoft Corp., 508 F.3d 170, 177 (4th Cir. 2007). The Court should consider factors such as the stage of litigation, the diligence of the plaintiff in moving for dismissal, the defendant's efforts and expense in preparing for trial, and the explanation provided by plaintiff for needing the voluntary dismissal. Howard v. Inova Health Care Servs., 302 F. App'x 166, 178-79 (4th Cir. 2008); Fidelity Bank PLC v. Northern Fox Shipping N.V., 242 F. App'x 84, 89 (4th Cir. 2007); Miller v. Terramite Corp, 114 F. App'x 536, 539 (4th Cir. 2004); ADP Dealer Servs. Group v. Welborne Auto., Inc., No. 5:09cv69, 2011 WL 677366, at*3 (W.D.N.C. Feb. 16, 2011) (Voorhees, J.).

The prejudice to Defendant from granting a plaintiff's motion under Rule 41(a)(2), however, must be substantial to warrant denying the motion. S.A. Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). "[T]he possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit." Davis, 819 F.2d at 1276. The fact that the defendant has filed a summary judgment motion is also insufficient, standing by itself, to warrant

refusing to dismiss a complaint without prejudice. See Fidelity Bank, 242 F. App'x at 89; see also Howard, 302 F. App'x at 179; ADP Dealer, 2011 WL 677366, at *3. Denial of a plaintiff's motion for voluntary dismissal, however, may be warranted where the case has advanced to the summary judgement stage *and* the defendant has incurred substantial discovery costs. See generally Howard, 302 F. App'x at 179 (collecting cases).

Upon a review of the parties' briefs and the record in this case, the Court finds that Defendants will not suffer substantial prejudice if the District Court grants Plaintiff's motion and dismisses this case without prejudice. Although summary judgments motions were pending when Plaintiff moved to voluntarily dismiss this case, they were based on the fact that Plaintiff had failed to secure an expert during the discovery period. The filing of the motions was not a substantial undertaking by the Defendants. Moreover, Defendants have incurred few, if any, discovery costs in this case because neither party has engaged in substantial discovery. Although Plaintiff should have moved for voluntary dismissal prior to the expiration of the deadline for disclosing experts, this does not warrant denying Plaintiff's motion. Finally, Plaintiff has set forth a valid reason for seeking a voluntary dismissal as it faces the entry of summary judgment in favor of Defendants because of his failure to obtain an expert. Because granting Plaintiff's Motion to Dismiss and dismissing this

case without prejudice will not result in substantial prejudice to Defendants, the Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's motion. The Court, however, **RECOMMENDS** that the District Court condition dismissal upon the payment of all taxable costs incurred by Defendants in defending this action. Davis, 819 F.2d at 1276; 9 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2366 (3d ed. 2008).

### III. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Dismiss [# 45]. The Court **RECOMMENDS** that the District Court condition dismissal upon the payment of all taxable costs incurred by Defendants in defending this action.

### Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: September 6, 2011

Dennis L. Howell
United States Magistrate Judge